UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 1:17-cv-11313-FDS

JASON BALZARINI,

Plaintiff

v.

TOWN OF ROCKPORT, MARK SCHMINK
and JOHN HORVATH,

Defendants

**DEFENDANTS TOWN OF
ROCKPORT, MARK SCHMINK and
JOHN HORVATH'S ANSWER TO
FIRST AMENDED COMPLAINT**

Defendants Town of Rockport ("Town"), Mark Schmink, and John Horvath
("Defendants")

hereby answer Plaintiff Jason Balzarini's ("Plaintiff") complaint paragraph by paragraph as

follows:

## I.     Introduction

1,     The allegations contained in paragraph 1 are introductory in nature and require no

response.  To the extent a response is required, Defendants admit that Plaintiff is a patrol

officer in the Town of Rockport Police Department ("Police Department") and that

Defendant Mark Schmink is a Lieutenant and John Horvath is Chief of the Town of

Rockport Police Department.  Defendants deny the remaining allegations contained in

paragraph 1 of the Complaint

## II.     Parties

2.     Defendants admit that Plaintiff is employed as a patrol officer in the Town of Rockport

Police Department and that he is in the Massachusetts Army National Guard.  Defendants

are without sufficient information to either admit or deny the allegations contained in paragraph 2, which allegations are therefore denied.

3.   Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.   Defendants admit the allegations contained in paragraph 4 of the Complaint.

5.   Defendants admit the allegations contained in paragraph 5 of the Complaint.

### III.   Facts

6.   Defendants admit that Plaintiff is a member of the Army National Guard and that he was deployed on active service in Afghanistan for some period of time in or around 2012 and 2013. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 6 of the Complaint, which allegations are therefore denied.

7.   Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.   Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.   Defendants admit the allegations contained in paragraph 9 except that the date the town received notification was October 16, 2013, not October 17, 2013.

10.   Defendants admit that Plaintiff appealed the February 2013 bypass to the Massachusetts Civil Service Commission and admit that Plaintiff also filed a complaint of discrimination with the Massachusetts Commission Against Discrimination alleging that the Town based its decision to bypass him on his military service in violation of M.G.L. c. 151B, § 4. Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

11.   Defendants admit that the Lieutenant made recommendations to the Chief, as is and as his practice, as to who to hire from the civil service lists based on which candidate(s) he

believed to be the most qualified. Defendants deny the remaining allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit that the Town believed that it paid Plaintiff the difference between what he would have earned working for the Town and what he earned while on leave for National Guard training. Defendants further admit that Plaintiff appealed the Town's action through the union. Defendants deny the remaining the allegations contained in paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in the first sentence of paragraph 14 of the Complaint. Defendants further admit that the Town only counts hours the Plaintiff works for the Town when determining whether he is entitled to overtime. Defendants deny the remaining allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. The written directive referenced in paragraph 16 of the Complaint is a document that speaks for itself. To the extent the allegations contained in paragraph 16 are not consistent with the written document, the allegations are denied.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants admit that Plaintiff spoke with the Lieutenant on May 3, 2017, after which he left work. Defendants deny the remaining allegations contained in paragraph 19.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants admit that Plaintiff informed Defendants that he attended his two weeks of National Guard training from June 2 through June 17, 2017. Defendants deny the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendants admit that Thomas Bonner called the Chief and that the Chief then asked the Lieutenant to join the telephone conversation. Defendants further admit that the Chief asked Bonner to verify Plaintiff's attendance at National Guard training for the entire year and that the Chief asked for the training schedule. The Lieutenant also asked if a member of the National Guard called in sick what would the process be to track such absences. Defendants deny the remaining allegations contained in paragraph 22 of the Complaint.

23. The written notification referenced in paragraph 23 of the Complaint is a document that speaks for itself. To the extent that the allegations contained in paragraph 23 are not consistent with the written document, the allegations are denied.

24. Defendants admit that the Chief conducted an administrative interview of Plaintiff. Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

25. The written reprimand referenced in paragraph 25 of the Complaint is a written document that speaks for itself. To the extent that the allegations contained in paragraph 25 differ from the written document, the allegations are denied.

26. Defendants admit that under certain circumstances an officer receives overtime pay for the CARRT assignment. An officer does not always receive overtime pay for the CARRT assignment. Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

27.  Defendants admit that officers who fulfill the assignment as a shift OIC for two (2) shifts during their four (4) day rotation will receive one (1) hour of overtime. If an officer works one shift as an OIC during his or her four day rotation, the officer does not receive any overtime pay for fulfilling that one OIC shift. Defendants further admit that Plaintiff was no longer assigned to be OIC. Defendants deny the remaining allegations contained in paragraph 27 of the Complaint.

28.  Defendants admit that Plaintiff filed a complaint in the United States District Court on or about July 17, 2017. Defendants deny the remaining allegations contained in paragraph 28 of the Complaint.

29.  Defendants admit that Chief Horvath notified Plaintiff of an internal investigation into an on duty incident that took place on September 4, 2016 that Defendants did not learn of until recently. The notice of investigation is a document that speaks for itself. To the extent the allegations contained in paragraph 29 differ from the document, the allegations are denied.

30.  Defendants admit that Plaintiff was placed on administrative desk duty assignment pending the result of the investigation. Defendants further admit that Plaintiff's service weapon was taken and that he was prevented from accepting some overtime assignments and from accepting details. Defendants deny the remaining allegations contained in paragraph 30 of the Complaint.

31.  Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.  Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.  The allegations contained in paragraph 33 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

## COUNT I

### (USERRA – 38 U.S.C. 4301, et seq)

Defendants deny the allegations contained in Count I of the Complaint.

Wherefore, Defendants request that judgment entered in their favor on Count I of Plaintiff's Complaint and that this honorable Court award Defendants their reasonable attorneys fees and costs and any other relief this Court deems just.

## COUNT II

### (PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF)

Defendants deny the allegations contained in Count II of the Complaint,

Wherefore, Defendants request that Plaintiff's request for a preliminary and permanent injunction be denied and that this honorable Court award Defendants their attorneys fees and costs and any other relief the Court deems just.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff cannot establish that he was differently treated from others similarly situated, or that any differential treatment did not have a rational basis.

### THIRD DEFENSE

The actions of the individual defendants have been objectively reasonable under the circumstances of which they were aware.

## FOURTH DEFENSE

To the extent plaintiff has suffered any harm as alleged, such harm is due to his own failures and malfeasance.

## JURY DEMAND

Defendants demand a trial by jury on all claims.

Defendants

TOWN OF ROCKPORT, MARK SCHMINK and JOHN HORVATH

By their attorneys,

s/s Deborah I. Ecker
Deborah I. Ecker (BBO# 554623)
Michele E. Randazzo (BBO# 564906)
KP Law, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007

Date:    10/ 4 /17

## CERTIFICATE OF SERVICE

I, Deborah I. Ecker, certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date: 10/4/17                            /s/ Deborah I. Ecker

593318/METG/1092