UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON BALZARINI,

    Plaintiff,

v.

TOWN OF ROCKPORT, MARK SCHMINK
and JOHN HORVATH

    Defendants.

DOCKET NO. 1:17cv11313-FDS

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO IDENTIFY THE NATURE OF HIS ALLEGED DISABILITY

### INTRODUCTION

Plaintiff Jason Balzarini ("Balzarini"), a police officer for the Town of Rockport, alleges that the Defendants Mark Schmink, a Rockport Police Lieutenant, and Police Chief John Horvath (collectively "Defendants") violated his rights under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq*, by, *inter alia*, harassing him in retaliation for his service in the National Guard. Among the acts of harassment Plaintiff alleges was a conversation between him and the Defendants concerning Plaintiff's report of a back injury he suffered while on a police call, during which Plaintiff alleges that the Defendants asked him if he had suffered any injuries while in the military that would prevent him from doing his job, and, allegedly, mentioned that they had heard about Plaintiff being injured during his deployment.

During his deposition, Plaintiff asserted that the Defendants' question as to whether he had suffered any injuries in the military was unlawful, because the question violated the

"Disabled Veterans Act." Plaintiff's Deposition Testimony (Exhibit 1), 126:17-128:12.[1] Plaintiff proceeded to testify that he is in fact a disabled veteran (Id., 127:13-14), but when asked to identify the nature of his disability, refused to answer upon the instruction of his counsel, who took the position that the information is irrelevant.

By this motion, Defendants seek to compel Plaintiff to disclose: (1) the disability which is the basis for his status as a disabled veteran; (2) whether the disability resulted from an injury suffered while he was deployed; and (3) the nature of any such injury. As grounds for this motion, Defendants state that Plaintiff has made the information relevant, by claiming that the Defendants' inquiry as to whether he has any injuries that would affect his job performance is discrimination in violation of USERRA. Further, Plaintiff seeks damages for alleged emotional distress in this matter, and Defendants are entitled to explore whether there is another potential cause of his emotional distress. (Defendants are not at this point seeking Plaintiff's medical records regarding the purported disability.)[2]

As further grounds for this motion, Defendants rely on the within Memorandum.

## FACTUAL BACKGROUND

In his First Amended Complaint, Plaintiff alleges that:

In or around July 2016 Balzarini tweaked his back while transporting a heavy individual down a flight of stairs. He reported the injury casually, but declined medical help. Schmink and Horvath then interrogated him about whether he had any physical limitations due to his military service. They told him that he needed to report right away if there were any injuries he sustained in the military that would prevent him from doing his job. Schmink reminded Balzarini about a story he had heard of Balzarini falling out of a Humvee during his deployment. He told Balzarini: "If you can't work here, you need to tell me right now."

---

[1] Defendants presume Plaintiff was referring to USERRA.
[2] Defendants have conferred with Plaintiff regarding this issue through detailed written correspondence, and have been unable to resolve or narrow the dispute.

2

See First Amended Complaint, ¶18.

Plaintiff repeated these allegations in response to an Interrogatory which asked him to identify instances of alleged harassment by the Defendants. See Plaintiff's Responses to Interrogatories (Exhibit 2 hereto), No. 2.

At his deposition, plaintiff identified the conversation as an example of how the Defendants have discriminated against him due to his military service, as follows:

> Q. And did you believe it was inappropriate for them to ask you if they should be made aware of any injuries you sustained while in the military?
>
> A. Yes.
>
> Q. Why?
>
> A. I believe that was protected information.
>
> Q. If you sustained an injury in the military that affects your ability to perform your job as a police officer for the Town of Rockport, do you think you have to report it to the town?
>
> A. I didn't.
>
> Q. Do you think you would if you sustained an injury?
>
> A. Yeah.
>
> Q. Do you think they were – Do you think them asking you that was inappropriate?
>
> Mr. Sulman: Objection. You can answer.
>
> A. I thought this was a violation of the Disabled Veterans Act. That's why I wrote it down.
>
> Q. Are you a disabled veteran?
>
> A. Yes.
>
> Q. Have you disclosed your disability to the town?
>
> Mr. Sulman: Objection.
>
> A. No.
>
> Q. Is the disability something that could affect your ability to perform your functions as a police officer?
>
> Mr. Sulman: Objection. Don't answer.

3

>   Ms. Ecker: You're instructing your client not to answer?
>
>   Mr. Sulman: Yes.
>
>   Ms. Ecker: Basis?
>
>   Mr. Sulman: On the basis of what this case is about, it's privileged information. Not privileged information. It's just not relevant or remotely relevant or likely to lead to the admissibility of admissible evidence.
>
>   Ms. Ecker: So you think it's not relevant whether this individual was injured, is considered disabled in the military, in his ability to perform his job as a police officer?
>
>   Mr. Sulman: No.

Exhibit 1, 126:17-128:12. Plaintiff thought the Defendants' statements to be so important that he wrote them down in a personal notebook at the time he claims the conversation occurred.[3] Id., 125:15-126:6.

## ARGUMENT

Pursuant to Fed.R.Civ. P. 30(c)(2), "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." The instruction to Plaintiff not to answer the questions as to his disability does not meet any of these criteria; rather, counsel instructed Plaintiff not to answer on grounds of relevance alone. Exhibit 2, 128:2-12. Alleged lack of relevance is not grounds to instruct a deponent not to answer a question, and Plaintiff should be instructed to provide the requested information on this basis alone.

In any event, as noted above, the information sought is clearly relevant to this action, based on Plaintiff's own assertions. Plaintiff has repeatedly asserted that the Defendants' questioning of him about an alleged injury that he suffered while deployed was an act of

---

[3] Plaintiff has produced the page on which the note about the conversation was written, but has objected to producing the notebook from which the page was taken. Defendants are currently attempting to resolve the dispute over the notebook.

4

discrimination under USERRA, because the injury rendered him disabled. The Defendants, who have no prior knowledge of any disability claimed by the Plaintiff, are entitled to know the injury and disability which he claims is the basis of their alleged discrimination.

Moreover, where Plaintiff alleges that he has suffered emotional distress due to the actions of the Defendants, and seeks damages for same, Defendants have the right to evaluate and explore other potential sources of such distress, including a disability. Defendants have not at this time asked for medical records related to the disability; rather Defendants seek at this point simply to have Plaintiff identify the nature of his disability and the injury that gave rise to it.

WHEREFORE, Defendants request that this Court compel Plaintiff to disclose: (1) the disability which is the basis for his status as a disabled veteran; (2) whether the disability resulted from an injury suffered while he was deployed; and (3) the nature of any such injury.

DEFENDANTS

By their attorney,

/s/ Deborah I. Ecker
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007

CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)
I hereby certify that I have conferred with counsel for the Plaintiff regarding the within motion by exchange of letters setting forth each party's position as to the issue in dispute, and the parties have been unable to resolve or narrow the dispute. /s/Deborah I. Ecker

CERTIFICATE OF SERVICE
I certify that the within document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically. /s/Deborah I. Ecker
604089/METG/1092