UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON BALZARINI<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF ROCKPORT, MARK SCHMINK, and JOHN HORVATH,<br><br>Defendants. | CIVIL ACTION NO. 17-cv-11313 |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' FURTHER MOTION TO COMPEL

Defendants grossly mischaracterize this case in their further motion to compel by inaccurately stating that Plaintiff Jason Balzarini "made [his medical records] clearly relevant by Plaintiff's own claim that Defendant's ***discriminated against him based on his disability.***" Def. Mtn. at 2. This is ***not*** a disability discrimination case, but a USERRA case based on discrimination due to Balzarini's service in the National Guard. There is no disability claim in the complaint. Indeed, the word "disability" does not even *appear* in the complaint.

In describing one *example* of Defendants' harassment due to Balzarini's service in the National Guard, the complaint refers to Defendants' questioning Balzarini as to whether he had ever suffered an injury in the military. Complaint, ¶18. This allegation described an incident when Balzarini reported a pain in his back following an incident on duty, and he was subsequently interrogated about whether he had any injuries from his military service and could still perform his duties. *Id.* This allegation relates plainly to the *Defendants' harassment of*

*Balzarini*, not the irrelevant fact of whether or not Balzarini actually had an injury in the military. Whether he had such an injury, the extent of it, and its effect on him does not make any "fact of consequence" to the USERRA claims or defenses "more or less probable." Fed.R.Evid. 401.

Moreover, Balzarini has fully complied with the Court's March 18, 2018 order to provide information regarding his disability and the "physical and medical condition" upon "reasonable request," save for his medical records. He answered interrogatories in detail about how he was injured and the extent of his injuries. Those answers to interrogatories, which are attached as Exhibit A, provide *precisely* the information that Balzarini would have disclosed in response to questions at his deposition. He has refused only to produce his confidential medical records, because those medical records contain private communications between him and his physicians about irrelevant matters. The Court's March 18, 2018 order did not order the production of medical records.

That the requested medical records do not meet the standards for discoverability under Fed.R.Civ.P 26 or relevance under Fed.R.Evid. 401 is clear from the reasons listed in Defendants' motion for why they need the records. Defendants contend that it is reasonable to request the medical records because they need to: 1) verify Balzarini's disability and claim regarding the nature and cause of his disability, 2) identify when he became disabled, and 3) verify whether there is any additional grounds for Balzarini's claim that Defendants were aware of his disability. Def. Mtn. at 2-3. These reasons do not approach even a minimum showing of relevance for this particular case. For example, how does the date of Bazlarini's disability or the cause of it make any fact of consequence about whether Defendants have treated him less favorably due to his National Guard service more or less likely?

The facts of consequence in this case concern whether Defendants discriminated against

Balzarini due to his National Guard service.[1] When Balzarini was injured, the extent, and anything else about the injuries that make up his disability is not "relevant to any claim or defense." Fed.R.Evid. 401. Put simply, Balzarini *happens to be* a disabled veteran who has brought a USERRA claim. That does not mean his medical records are relevant to this action.

This contrasts sharply with cases where courts has ordered plaintiffs in USERRA cases to produce medical records because employers have contended that the plaintiff was not physically capable of performing the duties of the job to which the plaintiff applied. *Compare Carroll v. Del. River Port Auth.*, 2014 U.S. Dist. LEXIS 194569, at *6-7 (D.N.J. July 31, 2014). For example, *Carroll* involved a claim that a corporal for a port authority was not promoted to sergeant because of his service in the National Guard. The port authority defended its decision in part on grounds that the corporal did not meet the physical qualifications for the sergeant position. *Id.* at *3-4. To support of its actions, the port authority subpoenaed records from the corporal's doctors to prove that he was not physically capable to perform the job. *Id.* at *6. The court granted the motion to compel the records because it found the records "directly relate to the claims and defenses in this action, particularly to the extent such records reflect whether Plaintiff possessed the requisite qualifications for the disputed position." *Id.* at *7-8.

The same cannot be said to be true here. This case does not concern the issue of whether Balzarini is physically capable of performing the job of police officer. Defendants have not contended that he is not physically capable, presumably because such an argument would be frivolous when he has served in the same position since February 2013, and also because any such question would be irrelevant to the specific claim at issue, which concerns the harassment

---

[1] Balzarini is **_not_** seeking damages for psychological injuries caused by Defendants' unlawful discrimination, and thus does not intend to rely on medical or other treatment records to prove emotional distress damages.

received in the current job and not whether Balzarini is qualified for a promotion or different job.

Accordingly, for the foregoing reasons, Plaintiff requests that this Court deny Defendants' Further Motion to Compel.

Respectfully submitted,

JASON BALZARINI
By his attorney,

_____/s/ Joseph Sulman_____
Joseph L. Sulman, BBO #663635
Elijah Bresley, BBO #691092
Law Office of Joseph L. Sulman, Esq.
391 Totten Pond, Suite 402
Waltham, MA 02451
(617) 521-8600
jsulman@sulmanlaw.com
ebresley@sulmanlaw.com

May 4, 2018,

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).
\_\_\_/s/ Joseph Sulman_____

Joseph Sulman